THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR367 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARNELL KEIF BECKHAM BELL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court are Defendant James Dailey's motions in limine. Docs. 104, 105, 106, and 107. The Government has opposed the motions. Doc. 110. Upon review, the motions are DENIED.

I. Firearm

Bell first contends that a firearm recovered from a bedroom that he was seen exiting during the execution of a search warrant should be excluded. To the extent that Bell suggests that the gun is not relevant because he is charged with drug trafficking crimes, he is incorrect. The Sixth Circuit has noted:

> This Court has held many times that guns are "tools of the trade" in drug transactions. *United States v. Arnott*, 704 F.2d 322, 326 (6th Cir.1983); *see also United States v. Medina*, 992 F.2d 573, 587 (6th Cir.1993) (stating that evidence of firearms tended to prove the existence of a drug conspiracy); *United States v. Hatfield*, 815 F.2d 1068 (6th Cir.1987) (stating that weapons are evidence of an intent to distribute drugs).

*United States v. Hardin*, 248 F.3d 489, 499 (6th Cir. 2001). Accordingly, the Government may permissibly use the firearm to help prove the drug trafficking charges against Bell.

To the extent that Bell suggests that there is nothing to tie him to the firearm, he simply ignores that the firearm was found protruding from a mattress in the bedroom in which the drugs that form the indictment against him were found. That circumstantial evidence is more than sufficient to introduce evidence of the firearm. Bell is free to challenge his connection to the firearm through cross-examination. The motion in limine is DENIED.

II. Drugs Recovered via Search Warrant

Bell next contends that the drugs that were recovered from his bedroom should be excluded. To be clear, these are the drugs that form the basis of the charges against Bell. As such, there is no arguable basis for excluding their presentation at trial. Bell appears to argue that no forensic evidence ties him to these drugs, so the Government should be prohibited from introducing them. Forensic evidence is not required for the Government to sustain a conviction, so Bell's argument fails. The motion is DENIED.

III. K-9 Overdose

Bell next requests that the Government be prohibited from introducing any evidence that K-9 officer Deke overdosed while performing the search of Bell's bedroom and had to be revived with Narcan. Bell contends that this evidence is irrelevant to the charges against him and unduly prejudicial. The Court disagrees with both contentions.

Generally speaking, Federal Rule of Evidence 404(b) prohibits the admission of evidence of a criminal defendant's prior bad acts unless it is introduced for an acceptable purpose.[1] However, background evidence, often referred to as *res gestae* evidence, lays outside the rule's ambit. *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012). "While [*res gestae* evidence] is an exception ... it does not allow a party to evade 404(b) by

---

[1] The Court assumes, without deciding, that the overdose falls within a broad definition of prior bad acts.

2

introducing any and all other act evidence." *Id*. (internal citations omitted). "The principle contains severe limitations as to 'temporal proximity, causal relationship, or spatial connections' among the other acts and the charged offense.'" *Id*. (quoting *United States v. Hardy*, 228 F.3d 745, 749 (6th Cir. 2000)). Thus, *res gestae* evidence must be "inextricably intertwined with the charged offense." *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (internal quotation marks omitted). More specifically, it "may include evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *Id*.

Herein, evidence regarding Deke's overdose serves multiple purposes. First, it undoubtedly completes the story involving the search of Bell's bedroom that led to the recovery of the drugs that led to his indictment. In addition, the overdose demonstrates the dangerous nature of the drugs that were found in Bell's room, conceivably negating any assertion of ignorance of the nature of the items that were recovered. Accordingly, introduction of the evidence is permissible through the *res gestae* exception.

IV. <u>Percocet References</u>

Finally, Bell seeks to exclude any reference to an iCloud note that states in relevant part "20 percs from nana 4 chuck fat money." The Government intends to introduce the evidence to negate any argument that Bell was unaware or involved with the drugs found in the basement bedroom he utilized in his grandmother's house. The Government contends that the evidence will show that Bell refers to his grandmother as "nana" and that the note demonstrates that Bell previously stored illegal drugs in his grandmother's home. As this evidence could tend to demonstrate intent to possess and

3

4

absence of mistake, the Government is permitted to introduce the evidence. To the extent necessary, the Court may issue a limiting instruction regarding Percocet to clarify that Bell has not been indicted for possessing or selling any drugs other than those detailed in the indictment.

Based upon the above, Bell's motions in limine are DENIED.

IT IS SO ORDERED.


September 18. 2025             ____/s/ *Judge John R. Adams*_____
                                                                   JUDGE JOHN R. ADAMS
                                                                   UNITED STATES DISTRICT COURT